## Robert Scott v. Caroline H. Bassett.

1. EQUITY—*Rents and Profits Recoverable Under General Prayer.*— Where a bill in chancery for partition makes a proper case against a defendant for an accounting for the rents and profits of the land, such account may properly be taken under the prayer for general relief.

2. SAME—*When Complete Relief may be Granted to all Parties.*—
Where one of the parties in interest in a suit for partition files a bill
correctly stating the rights and interests of all the parties interested in
the premises, the suit becomes an amicable proceeding by such party for
the benefit of all, and the court in such case may properly make all
orders and decrees necessary to subserve the rights and interests of all
the parties to the time of the final decree, in order that complete justice
may be done and future litigation avoided.

**Bill for Partition.**—Appeal from the Circuit Court of Mercer County;
the Hon. HIRAM BIGELOW, Judge, presiding. Heard in this court at the
May term, 1897. Affirmed. Opinion filed September 20, 1897.

SCOTT & COOKE, attorneys for appellant.

BASSETT & BASSETT, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE
COURT.

This was a bill for partition filed by the appellee against
the heirs of Robert W. Hyman, deceased, the appellee
claiming one undivided one-seventh part of the land in
question, under a conveyance made by Mary Martha Pender,
one of the seven heirs of deceased, she not having been
made a party to the bill. Appellant was made a party
defendant to the bill and charged therein with having
entered upon the land, under some claim, and taken the
grass for six years, without right. Partition was decreed
by the court among the respective parties entitled, and
the premises being found not susceptible of division,
were sold under the direction of the court, and the proceeds
of such sale ordered distributed according to the rights and
interests of the parties. The bill contained no special
prayer for an accounting for the rents and profits against
the appellant, but had the usual prayer for general relief,
and under this, against the objection of appellant, an
accounting was taken against him for the rents and profits
for the six years during which he had occupied the premises,
including the time of the pendency of the suit. By the
final decree of the court appellant was ordered to pay
$182.80, being the rents of 1896, and six-sevenths of the

rents of the five years next preceding, less credits for taxes paid, according to the report of the master.

Appellant seeks a reversal of this decree against him, contending it is erroneous because there was no special prayer in the bill for such relief against him; that rents could not be ordered paid on application of appellee alone, she having no interest therein, except for the last year, which substantially accrued during the pendency of the suit, and the latter could not in any event be allowed without supplemental bill claiming the same. We see no force in this contention. Where the bill, as in this case, makes and presents a proper case for an account of the rents and profits of the land against the defendant, such account may properly be taken under the general prayer for relief. Haworth v. Taylor, 108 Ill. 275. We are of the opinion also, where one of the parties in interest, in a suit for partition, files a bill correctly stating the rights and interests of all the parties interested in the premises, the suit then becomes an amicable proceeding by such party for the benefit of all, and the court in such case may properly make all orders and decrees necessary to subserve the rights and interests of all the parties to the time of the final decree, in order that complete justice may be done among all who are interested, and future litigation thereby be avoided; and this too, without reference to any special form of application. The order for the payment of rents in the case presented was such an order, and it will be affirmed.

The cross-errors having been stricken from the record under Rule 15 of this court, for failure to file the same in time, were not considered by the court. Decree affirmed.